UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE COTTO,

                        Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS;
USDOJ/FBOP; LINCON VITALE, Warden;
ROBERT BEAUDOUIN, Doctor; N. REID,
Case Manager; RIVERA, Unit Manager (11
South); ECKLEN, Unit Manager (7 North),

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2020

20 Civ. 3011 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

      Plaintiff, currently incarcerated at the Metropolitan Correctional Center, brings this *pro se* action alleging that he is being denied all medical care. By order dated April 15, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.     Claims Against the Bureau of Prisons (BOP) and Department of Justice (DOJ)**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, such as the BOP and the DOJ, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an

action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 1346(b), 2671–2680, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Phillips v. Generations Family Health Center*, 723 F.3d 144, 147 (2d Cir. 2013). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *Id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The proper defendant for an FTCA claim is the United States of America. *See Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991).

Plaintiff's medical malpractice claims against the BOP and DOJ are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any FTCA claims Plaintiff is asserting against the United States are also dismissed, because he has failed to allege facts demonstrating that he has filed an administrative claim with a federal government entity and subsequently received a final written determination before bringing this action; he has also failed to allege facts showing that it has been more than six months since he has filed such

an administrative claim. Accordingly, to the extent that Plaintiff is asserting FTCA claims, the Court dismisses those claims without prejudice under the doctrine of sovereign immunity, due to Plaintiff's failure to exhaust administrative remedies. *See* § 1915(e)(2)(B)(i), (iii).

**B.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Warden Lincoln Vitale, Doctor Beaudoiun, Case Manager N. Reid, Unit Counselor Rivera, and Unit Counselor Ecklen through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of

Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; and (2) issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court considers Plaintiff's claims against the Federal Bureau of Prisons and the United States Department of Justice as claims against the United States, and dismisses them without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is instructed to (1) complete the USM-285 forms with the addresses for Warden Lincon Vitale, Doctor Beaudoiun, Case Manager N. Reid, Unit Counselor Rivera, and Unit Counselor Ecklen; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A.;" and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the United States Attorney for the Southern District of New York at: One St. Andrews Plaza, New York, New York 10007.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 28, 2020
       New York, New York

                                        _____
                                        ANALISA TORRES
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Warden Lincon Vitale
   Metropolitan Correctional Center
   150 Park Row
   New York, N.Y. 10007

2. Dr. Beaudouin
   Metropolitan Correctional Center
   150 Park Row
   New York, N.Y. 10007

3. Case Manager N. Reid
   Metropolitan Correctional Center
   150 Park Row
   New York, N.Y. 10007

4. Unit Counselor Rivera (11 South)
   Metropolitan Correctional Center
   150 Park Row
   New York, N.Y. 10007

5. Unit Counselor Ecklen (7 North)
   Metropolitan Correctional Center
   150 Park Row
   New York, N.Y. 10007